Anthony TRUSCELLO & Carol
Truscello, H/W, Appellees,

v.

**MEDICAL PROFESSIONAL LIABILITY
CATASTROPHE LOSS FUND,**
Appellant.

Supreme Court of Pennsylvania.

Feb. 12, 1999.

### ORDER

PER CURIAM:

AND NOW, this 12th day of February, 1999, the Order of the Commonwealth Court dated August 5, 1997 is AFFIRMED.

---

4. To the extent that such an interpretation of Section 1142(a) conflicts with *Centennial School District v. Centennial Education Association,* 133 Pa.Cmwlth. 382, 576 A.2d 99 (1990), the Commonwealth Court's decision should be expressly overruled.

5. The majority opines that the proper standard of review in this case is the essence test. Although I certainly would agree that the essence test is the proper standard of review for a challenge to an arbitrator's interpretation of a collective bargaining agreement, such a deferential standard of review does not apply when reviewing a challenge to an arbitrator's interpretation of *statutory law* incorporated into a collective bargaining agreement. In the latter case, as here, our standard of review is plenary. *See generally Pennsylvania Labor Relations Board v. Bald Eagle Area School District,* 499 Pa. 62, 451 A.2d 671 (1982). There, we stated:

> Courts have no reason to assume an arbitrator will ignore the law and award a payment based on a contractual interpretation which conflicts with a fundamental policy of this Commonwealth expressed in statutory law. If so, judicial relief is available. See *Pennsylvania Labor Relations Board v. State College, A.S.D.,* 461 Pa. 494, 337 A.2d 262 (1975); *Pennsylvania Labor Relations Board v. Zelem,* 459 Pa. 399, 329 A.2d 477 (1974); *Washington Arbitration Case,* 436 Pa. 168, 259 A.2d 437

(1969). Moreover, the judiciary has express statutory authority to review and correct or modify arbitration awards against the Commonwealth or its political subdivisions in the same manner as jury verdicts on a motion for judgment N.O.V. Judicial Code § 7302(d)(2), 42 Pa.C.S. § 7302(d)(2).

499 Pa. at 67, 451 A.2d at 673 (footnote omitted).

I note with interest the majority's lengthy response criticizing this reference to *Bald Eagle.* (Majority Op. at 344 n.6). I must point out, however, that I deliberately used as an introductory signal a term of art which I believed to be easily recognizable. *See* The University of Chicago Manual of Legal Citation 12 (1989) ("An authority may be introduced ... by an ordinary English phrase explaining its force and or purpose." Rule 3.1(b)); The Bluebook: A Uniform System of Citation 23 (16th ed. 1996) ("*See generally*" defined as: "Cited authority *presents helpful background material related to the proposition.*" Rule 1.2(d)).

My position as it relates to the proper standard of review in this case remains intact. The majority finds, as a matter of law, that the arbitrator's decision is violative of the Code. By definition, the majority has conducted plenary review of the arbitrator's interpretation of statutory law incorporated into a collective bargaining agreement, and has not deferred to the arbitrator's analysis as the essence test mandates.